**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| RAFAEL SANTANA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:17-CV-35 |
| | ) |
| NURSE HUFF and NURSE BRENDA, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the amended complaint filed by Rafael Santana, a pro se prisoner, on April 24, 2017. For the reasons set forth below, the court: (1) **GRANTS** Rafael Santana, leave to proceed on an Eighth Amendment claim for compensatory damages against Nurse Huff and Nurse Brenda, in their individual capacities for denying Santana dental treatment from December 12, 2016, until February 2017 when he was taken to a dentist; (2) **DISMISSES** all other claims; (3) **DISMISSES** Allen County Jail, Quality Correctional Care, Dr. Anthony Dennis, Sheriff Gladieux, Jail Commander Cook, and Director of Nursing; (4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Nurse Huff and Nurse Brenda with a copy of this order and the amended complaint (ECF 3) as required by 28 U.S.C. § 1915(d); and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Huff

and Nurse Brenda respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

DISCUSSION

Santana alleges while housed in the Allen County Jail serving a sentence after being convicted, he was denied dental treatment from December 12, 2016, until February 2017 when he was taken to a dentist. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Santana alleges that after reporting on December 12, 2016, that he had a loose tooth that was causing extreme pain, he saw a nurse who refused to provide him with any medication or allow him to see a doctor. On January 10, 2017, he saw nurse, but still was not allowed to see a doctor or given any medication. In February, he was taken to a dentist and the tooth was pulled. In his complaint, he names two nurses: Nurse Huff and Nurse Brenda. Though he does not specify which nurse he spoke to on which date, it is

2

plausible to infer that he spoke to one in December and the other in January.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Here, Santana has stated a claim against Nurse Huff and Nurse Brenda in their individual capacities for a violation of the Eighth Amendment.

Santana also names six other defendants. He sues the Allen County Jail. But the jail is building and is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (A building is not a suable entity.). He sues Quality Correctional Care. But he has not alleged that the nurse employees denied him dental treatment based on a corporate policy or practice. *See Hahn v. Walsh*, 762 F.3d 617, 640 (7th Cir. 2014). He sues Dr. Anthony Dennis. But he alleges that he was not allowed to see Dr. Dennis, so this does not state a claim. He sues Sheriff Gladieux, Jail Commander Cook, and Director of Nursing. But they are merely alleged to be supervisors and there is no general respondeat superior liability under 42 U.S.C. § 1983. *George v. Smith*, 507

F.3d 605, 609 (7th Cir. 2007). Therefore these six defendants will be dismissed.

CONCLUSION

For the reasons set forth above, the Court: (1) **GRANTS** Rafael Santana, leave to proceed on an Eighth Amendment claim for compensatory damages against Nurse Huff and Nurse Brenda, in their individual capacities for denying Santana dental treatment from December 12, 2016, until February 2017 when he was taken to a dentist; (2) **DISMISSES** all other claims; (3) **DISMISSES** Allen County Jail, Quality Correctional Care, Dr. Anthony Dennis, Sheriff Gladieux, Jail Commander Cook, and Director of Nursing; (4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Nurse Huff and Nurse Brenda with a copy of this order and the amended complaint (ECF 3) as required by 28 U.S.C. § 1915(d); and (5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Huff and Nurse Brenda respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATED: April 27, 2017**            **/s/RUDY LOZANO, Judge**
                                     **United States District Court**